UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JILL FAYARD                                              CIVIL ACTION
                                                         NO. 07-4631

VERSUS

STATE FARM FIRE AND CASUALTY                             SECTION M
INSURANCE COMPANY AND
NATIONAL FLOOD INSURANCE PROGRAM

**ORDER**

Before the Court is Defendant, State Farm Fire and Casualty Company's (State Farm) Motion for Summary Judgment, which is opposed, and which came for hearing on July 23, 2008, on the briefs. After consideration of the motion, the opposition, and the applicable law, the Court grants the motion.

As a result of Hurricane Katrina, certain real property at 103 Amanda Drive in Slidell, Louisiana sustained flood damage. The property was insured with the NFIP through State Farm which issued a Standard Flood Insurance Policy (SFIP) under the Write-Your-Own program of the National Flood Insurance Program (NFIP). Although Plaintiff, Jill Fayard[1],

---

[1] At the time of the storm the named insured on the policy was Rose Cole, who submitted a claim for flood damage under her SFIP. On November 17, 2005, State Farm paid Ms. Cole $78,498.85. On December 15, 2006, the property was sold to Plaintiff Jill Fayard, and the SFIP was transferred from Cole to Fayard. Ms. Cole further assigned her benefits under the policy including the amount previously paid by State

was paid an amount by State Farm for the flood damage, she apparently disagreed with the payment and brought this suit but did not submit a Proof of Loss.

State Farm submits that Fayard is not entitled to recover any further benefits from her SFIP because she failed to comply with the conditions precedent to filing a lawsuit including the failure to file a timely, signed and sworn proof of loss as mandated by Article VII (J)(4) of the SFIP.

Fayard alleges that the Federal Emergency Management Association (FEMA) issued conflicting messages regarding the requirement to file a proof of loss, and, as such, the question of whether FEMA expressly waived the proof-of-loss requirement is an issue of material fact that cannot be resolved by summary judgment.

However, in light of the 5th Circuit's recent ruling in the case of <u>Richardson v. American Bankers Ins. Co.</u>, 2008 WL 510518 (5th Cir. 2008), which strictly construed the proof of loss requirement, this Court must find that there is no disputed issue of material fact and that State Farm is entitled to judgment as a matter of law.

Accordingly, State Farm's Motion for Summary Judgment is **GRANTED.**

New Orleans, Louisiana, this 30th day of July, 2008.

Peter Beer
United States District Judge

---

Farm as well as any supplemental sums, if any.